In the MATTER OF OPENING HOUSE AVENUE, in the City of Troy.

When a statute confers authority to take the lands of individuals for public use, and for the assessment of damages upon the property of contiguous owners, the statute must be strictly pursued, step by step; or the proceedings will be without the sanction of law, and void.

Under the authority of a city charter, providing that where lands were to be taken for a street, &c., in case of inability to agree with the owners, as to compensation, commissioners of estimate should be appointed, proceedings were taken to lay out and open an avenue, to extend from River street to the lands of the T. and B. R. R. Co. A resolution thus to open the proposed avenue was adopted by the common council, and a committee appointed to locate and define its boundaries, and to negotiate for the lands required. Such committee, having made the location, by metes and bounds, reported in favor of the opening of the avenue from River street to the lands of the T. and B. R. R. Co.; that the lands east of Vail avenue could be obtained, for a reasonable price; but that, as to the land west of that avenue, the negotiations with the owners were unavailing; and they recommended the appointment of commissioners of estimate, and reported a resolution to carry the recommendation into effect. The common council accepted the report, and adopted the resolution; but subsequently reconsidered its action; and the acceptance of the report was rescinded, so far as it recommended the opening of the avenue from River street to Vail avenue; and it was resolved that the northern terminus of the proposed avenue should be the easterly line of Vail avenue.

*Held*, that in so far as the report was accepted, the appointment of commissioners of estimate became unnecessary, and was unauthorized; inasmuch as it appeared by the report, as accepted, that the lands proposed to be taken could be obtained for a reasonable price, by negotiation. That it was only in case inability to agree with the land owners that authority was given to appoint such commissioners.

*Held*, also, that instead of applying for, and obtaining, an order appointing commissioners of estimate, a committee should have been appointed, to obtain terms from the owners who had signified their willingness to accept a reasonable price for their lands.

*Held*, further, that there was no authority for granting an order appointing commissioners of estimate; nor for a subsequent order confirming their report; nor for an order confirming the report of the local assessors.

That these informalities in the proceedings were jurisdictional, and therefore could not be waived. That the common council were bound to follow the course prescribed by law; otherwise jurisdiction to proceed was lost.

APPEAL from an order made at a Special Term refusing to vacate an order appointing commissioners

of estimate; from order confirming their report; and from order confirming report of the local assessors of the city of Troy. (*S. C., reported briefly*, 3 *Thomp. & C.*, 770.

*H. A. Merritt*, for the appellant.

*R. A. Parmenter*, for the city of Troy.

*By the Court*, BOCKES, J. By these proceedings lands were to be taken for public use; and damages were to be assessed upon the property of contiguous owners — hence the statute conferring such authority must be strictly pursued, step by step, or they are without the sanction of law and void.

Preliminary steps were taken to lay out and open House avenue; which was to extend from River street to the lands of the Troy and Boston R. R. Co.; and a resolution of the common council was adopted thus to open it; and a committee was appointed to locate and define its precise boundaries, and to negotiate for the lands required therefor. This committee proceeded to make the location by metes and bounds, and also negotiated for the lands proposed to be taken; as authorized and required to do, and reported their action to the common council. The proposed avenue, as reported, was to extend from River street to the lands of the railroad company, pursuant to the original application; and it was further reported by the committee that the lands east of Vail avenue could be obtained for a reasonable price; but that negotiations with the owners of the lands west of Vail avenue were unavailing. The committee recommended the appointment of commissioners of estimate, and reported a resolution to carry the recommendation into effect. The common council accepted the report, and adopted the resolution.

To this point the proceedings were regular and valid. At least, no suggestion to the contrary is offered.

Following this, it seems that the common council reconsidered its action.

The former acceptance of the report of the committee was rescinded, so far as it recommended the opening of the proposed avenue from River street to Vail avenue; and it was resolved that the northerly terminus of the proposed street should be the easterly line of Vail avenue.

Now, in so far as the report was accepted, the appointment of commissioners of estimate became unnecessary. Indeed their appointment was then unauthorized; for according to the report as accepted, the lands proposed to be taken could be obtained by negotiation for a reasonable price. It was only in case of inability to agree with the owners of the lands to be taken, that authority was given to appoint commissioners of estimate.

It is unnecessary to determine whether or not the common council could shorten or change the route from that designated in the original application, and established by resolution; for, conceding that the proposed street was well laid between River street and Vail avenue, there was no need of, nor ground in law, for the appointment of commissioners of estimate, inasmuch as such need and authority in law existed only when the lands could not be obtained by negotiation. As to all the lands now to be taken, they could be procured by agreement with the owners for a fair and reasonable price. So the report, as accepted, explicitly stated.

Instead of applying for and obtaining an order appointing commissioners of estimate, a committee should have been appointed to obtain terms from the owners who had signified their willingness to accept a reasonable price for their lands. Plainly, there was no authority for granting the order of December 28th, 1872,

appointing commissioners of estimate, nor for the subsequent order confirming their report; and it follows that the order confirming the report of the local assessors, May 17th, 1873, was also improper.

The Special Term should have denied the motion to confirm the report of the local assessors, and should have granted the motion of the appellant to vacate the orders of December 28th, 1872, and of February 5th, 1873. The proceedings on which these orders were based were without the authority and sanction of law.

Nor has the appellant waived his right to insist on the informalities above suggested. They were jurisdictional. The common council were bound to follow the course prescribed by law, or jurisdiction to proceed was lost.

This view of the case renders it unnecessary to consider the further point urged by the appellants' counsel, that the local assessors did not make the assessment to accord with the award of the commissioners of estimate. This objection is not examined.

The order appealed from should be reversed, and the motion to confirm the report of the local assessors denied; also the orders of December 28th, 1872, and of February 5th, 1873, should be vacated and set aside. Ten dollars costs of appeal allowed.

[THIRD DEPARTMENT, GENERAL TERM at Albany, January, 1874. *Miller, Bockes* and *Boardman,* Justices.]